UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JUSTIN LORENZO THOMAS                   CIVIL ACTION NO. 17-cv-1196

VERSUS                                  JUDGE HICKS

VOA OF NORTH LOUISIANA, ET AL           MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Justin Lorenzo Thomas ("Plaintiff"), who is self-represented, filed this civil action against VOA of North Louisiana and Heather D. Enright. The complaint appears to express dissatisfaction with representation the VOA and Ms. Enright provided Plaintiff in connection with a claim for social security benefits. For the reasons that follow, it is recommended that the complaint be dismissed because this federal court lacks jurisdiction over the complaint.

**Jurisdictional Review**

Plaintiff is proceeding in forma pauperis ("IFP"). The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

**The Complaint**

      Plaintiff filed this civil action on a form designed for a complaint in federal court.  The form asked Plaintiff to indicate the basis for federal court jurisdiction.  He checked a box for federal question but did not, when asked, list any specific federal statute or other federal law that is at issue in this case.

      The form asked Plaintiff to write a short and plain statement of his claim that described how each defendant was involved and what each did that caused Plaintiff harm or violated his rights.  Plaintiff wrote only: "There's a direct show of misrepresentation in my disability case."  For relief, he asked that the VOA be ordered to pay benefits the Social Security Administration does not have to pay.  He calculates that he is owed $7,330 in past due benefits.

**Federal Question Jurisdiction**

      Plaintiff checked a box to indicate that he invokes federal question jurisdiction, but the complaint does not reveal a basis for the exercise of such jurisdiction under 28 U.S.C., Section 1331.  Jurisdiction under the statute is assessed based on the well-pleaded complaint rule.  It provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint.   <u>Gutierrez v. Flores</u>, 543 F.3d 251-52 (5th Cir. 2008).  Even if a claim invokes federal jurisdiction, it may nonetheless be dismissed for want of subject-matter jurisdiction if the claim is not colorable.  That is, the court lacks jurisdiction if the complaint invokes federal law but the claim is immaterial and made solely for the

purpose of obtaining jurisdiction, or the claim is wholly insubstantial and frivolous.  In re: KSRP, Ltd., 809 F.3d 263, 267 (5th Cir. 2015), citing Bell v. Hood, 66 S.Ct. 773 (1946).

Plaintiff's complaint does not invoke any federal law or constitutional provision from which a federal claim might be based.  It appears that he is unhappy with representation provided by the VOA or Ms. Enright in connection with a claim for social security benefits.  Any such claim would arise under state law for legal malpractice or some other form of malpractice-type tort.  The fact that the misrepresentation/malpractice allegedly occurred in connection with a claim for federal social security benefits would not convert such a tort claim to one based on federal law.  Gunn v. Minton, 133 S.Ct. 1059 (2013) (attorney malpractice claim based on performance in a prior patent suit did not arise under federal patent law); Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C., 844 F.3d 495, 498 (5th Cir. 2016) (conversion claim under Louisiana law did not arise under federal law even though it related to federally regulated natural gas); and Singh v. Duane Morris LLP, 538 F.3d 334, 338 (5th Cir. 2008) (malpractice claim against lawyer based on his performance in federal trademark infringement trial did not arise under federal law).  Accordingly, the court does not have federal question jurisdiction under Section 1331.

**Diversity Jurisdiction**

As noted, Plaintiff's allegations against the VOA and Ms. Enright appear to be based on state law in the form of a state-law malpractice or other tort claim.  A federal court may hear state law claims in limited circumstances, such as when there is a basis for the exercise of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff did not check the box on his

complaint form to indicate that he invokes diversity jurisdiction, and the information he has provided indicates that all three parties are citizens of Louisiana.  A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).  It also appears that the amount in controversy in this action does not exceed $75,000, which is also an element of diversity jurisdiction.  Plaintiff calculates his losses at less than $8,000.  Accordingly, the court does not have diversity jurisdiction under Section 1332.

**Conclusion**

Plaintiff has, at best, asserted a state law claim for some form of malpractice or misrepresentation.  It is possible that he has asserted state law claims against his fellow Louisiana citizen, but "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Guiterrez, 543 F.3d at 252, quoting Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008).  There may be a proper court or forum for Plaintiff to seek relief on state law claims, but this federal court is not it.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

**Objections**

Page 4 of  5

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of October, 2017.

Mark L. Hornsby
U.S. Magistrate Judge